NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MANUEL GONZALEZ, JR.,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2026-1213

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-2760, Judge Scott Laurer.

_____

Decided: May 11, 2026

_____

MANUEL GONZALEZ, JR., San Antonio, TX, pro se.

LAURA OFFENBACHER ARADI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY, BRETT SHUMATE; EVAN SCOTT GRANT, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before PROST and TARANTO, *Circuit Judges*, and KOVNER, *District Judge*.[1]

PER CURIAM.

Manuel Gonzalez, Jr., appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") dismissing his appeal to that court for lack of jurisdiction. We affirm in part and dismiss in part.

## BACKGROUND

### I

In March 2011, Mr. Gonzalez—a U.S. Air Force veteran—requested service-connected disability benefits from the Department of Veterans Affairs ("VA") for various conditions. In February 2013, a VA regional office ("RO") granted the request as to one condition but not the others.

Later, in April 2022, Mr. Gonzalez requested that the VA revise its February 2013 decision due to clear and unmistakable error ("CUE"). The RO denied that request in January 2023 and provided Mr. Gonzalez with a notice of his appeal rights. Mr. Gonzalez then tried to appeal the RO decision to the Board of Veterans' Appeals ("Board") by filing a VA Form 21-0958 Notice of Disagreement. VA Form 21-0958 was used for appeals to the Board under the so-called legacy appeals system—a system that was phased out in accordance with the Veterans Appeals Improvement and Modernization Act of 2017 ("AMA"), Pub. L. No. 115-55, 131 Stat. 1105.

In March 2024, Mr. Gonzalez contacted the VA hotline to inquire about his appeal. The Board responded with a March 18, 2024 letter saying that "no appeal has been

---

[1] Honorable Rachel P. Kovner, District Judge, United States District Court for the Eastern District of New York, sitting by designation.

docketed at the Board." App'x 15.[2] The letter advised Mr. Gonzalez that, if he was dissatisfied with the RO's January 2023 decision, he should refer to the page titled "Your Right to Seek Review of Our Decision" that had been provided contemporaneously with that decision. *See* App'x 15. Mr. Gonzalez wrote back, disputing that no Board appeal had been docketed. On April 9, 2024, the Board responded with another letter, which said that "the Board is unable to make a decision until the appeal is correctly filed" and advised Mr. Gonzalez that, "[t]o appeal a claim denied by the [VA], [he should] complete the VA Form 10182, Decision Review Request: Board Appeal, which is available at www.va.gov/decision-reviews/board-appeal/." App'x 23 (emphasis removed). In July 2024, the VA sent another letter to Mr. Gonzalez saying essentially the same thing:

> We received mail indicating that you would like us to review a claim . . . that we previously denied. VA regulations require you to file this request on the proper form.
>
> We received VA Form 21-0958, Notice of Disagreement (NOD) on February 8, 2024. . . . [T]he NOD form changed to VA Form 10182 for any benefit decision made on or after February 19, 2019.

App'x 29.

## II

Mr. Gonzalez appealed the Board's March 18, 2024 letter to the Veterans Court. The government moved to dismiss his appeal for lack of jurisdiction, arguing that there was no Board "decision" to appeal. The Veterans Court initially agreed with the government and therefore dismissed the appeal. *See* App'x 27 ("Because in its March 18, 2024[] letter the Board did not grant or deny a VA benefit,

---

[2] "App'x" refers to the appendix included with the government's informal response brief.

[Mr. Gonzalez] may not appeal the contents of the letter to this [c]ourt—the letter does not contain the kind of Board decision that 38 U.S.C. §§ 7252 and 7266(a) refer to.").

Before the Veterans Court entered judgment, Mr. Gonzalez sought reconsideration of the dismissal, which the court granted. The court concluded that its recent decision in *Cardoza v. McDonough*, 37 Vet. App. 407 (2024)—which had issued less than two weeks after its dismissal of Mr. Gonzalez's appeal—compelled the conclusion that the March 18, 2024 letter was indeed an appealable Board decision. App'x 39–40.

Months later, however, the Veterans Court—acting through a different judge this time—effectively reconsidered the reconsideration and once again dismissed the appeal. It reasoned that the March 18, 2024 letter was not an appealable Board decision after all. *See* App'x 7–8. The court acknowledged *Cardoza* but did not explain why it did not control. Nor did the court otherwise explain why the prior decision on reconsideration was incorrect. Instead, the court viewed that decision as having only *preliminarily* resolved the jurisdictional issue. The court also relied heavily on the absence of subsequent argument from Mr. Gonzalez as to why the March 18, 2024 letter constituted an appealable Board decision. *See* App'x 2–3, 6–7. And, it added, even if the March 18, 2024 letter *were* an appealable Board decision (that is, even if the court had jurisdiction), it would still dismiss, because (1) the only issue on appeal would be whether Mr. Gonzalez's VA Form 21-0958 "initiated a valid appeal"; and (2) Mr. Gonzalez had not supplied any argument on that issue. App'x 7.

Mr. Gonzalez then sought a panel decision from the Veterans Court under Rule 35 of the Veterans Court's Rules of Practice and Procedure. A panel granted the request but ordered that the most recent single-judge decision remained the decision of the court. App'x 42–43. The Veterans Court then entered judgment.

Mr. Gonzalez timely appealed to this court.

DISCUSSION

This court has limited jurisdiction to review Veterans Court decisions. Although we have jurisdiction to "decide all relevant questions of law," we generally may not review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(1)–(2).

Even giving Mr. Gonzalez's filings in this appeal a liberal reading due to his pro se status, we discern (at most) just one argument raising a legal issue within our limited jurisdiction. Specifically, Mr. Gonzalez appears to argue that res judicata principles render a tribunal's prior rulings in a given proceeding final and not subject to change in that same proceeding. *See* Appellant's Informal Br. 2 (arguing with reference to the *Cardoza*-based reinstatement of his Veterans Court appeal and the later dismissal). This view of the law is incorrect. Res judicata principles of claim and issue preclusion generally become relevant only after a *final* judgment has been entered in a *different* proceeding; they do not bar reconsideration of rulings (let alone interlocutory ones) within the *same* proceeding. *See, e.g., First Mortg. Corp. v. United States*, 961 F.3d 1331, 1338 (Fed. Cir. 2020) (elements of claim preclusion); *Shell Petroleum, Inc. v. United States*, 319 F.3d 1334, 1338 (Fed. Cir. 2003) (elements of issue preclusion); *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 667 (Fed. Cir. 1986) (deeming res judicata effects "simply inapplicable" within the given case because no final judgment had been entered); *see also Mitchell L. Firm, L.P. v. Bessie Jeanne Worthy Revocable Tr.*, 8 F.4th 417, 420–21 (5th Cir. 2021) (rejecting the notion that "a judgment in [a] first action is '*res judicata*' on itself," because "*res judicata* is a doctrine that bars a *second* action based on a valid final judgment in the *first* action" (emphasis in original)). We therefore reject Mr. Gonzalez's argument in this regard.

Mr. Gonzalez's other arguments do not raise issues within our limited jurisdiction. For example, he argues that the Veterans Court panel "engaged in conduct prejudicial to the effective and expeditious administration of the business" of that court. Appellant's Informal Br. 2. But this argument does not raise a legal issue within our jurisdiction. Similarly, in his informal reply brief, Mr. Gonzalez appears to argue that Rule 35 of the Veterans Court's Rules of Practice and Procedure required the full Veterans Court to review his appeal. *See* Informal Reply Br. 9. But this argument is essentially "a challenge to a law or regulation as applied to the facts of [this] particular case," which we lack jurisdiction to review. *See* 38 U.S.C. § 7292(d)(2).

We note finally that this entire dispute (starting with the noted absence of a Board-docketed appeal) apparently stems from Mr. Gonzalez's use of what the VA considers to be the wrong form. We note further the government's representations in this appeal that (1) "because Mr. Gonzalez is attempting to appeal the denial of a CUE motion, the question of whether his VA Form 21-0958 initiated a valid appeal of the January 2023 RO decision would have no bearing on the effective date of any award"; and (2) "he may simply file a new CUE motion at any time given that the underlying decision being challenged for CUE is [an RO] decision." Appellee's Informal Br. 9 n.2.

## CONCLUSION

We have considered Mr. Gonzalez's remaining arguments and find that none raises an issue within our limited jurisdiction. For the foregoing reasons, we affirm in part and dismiss in part.

**AFFIRMED-IN-PART, DISMISSED-IN-PART**

### COSTS

No costs.